# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GLENN WEISS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 12-1069 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| THE EXPERTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

### **I. MEMORANDUM**

Defendant's Motion to Dismiss (*see* Doc. 3) will be denied, and this case will be transferred, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the Southern District of Florida.

Defendant's arguments regarding lack of personal jurisdiction are rejected. Plaintiff has submitted sworn statements that Defendant initiated the parties' employment relationship by soliciting him via email, in Bethel Park, Pennsylvania. *See* Pl.'s Opp'n Br. (Doc. 7) at 5 (citing record evidence). Defendant mailed an employment compensation agreement to Plaintiff in Bethel Park, and Plaintiff executed the agreement there as well. *See id.* In the context of this case, Defendant's contacts are sufficient to establish specific personal jurisdiction. *See* Telcordia Tech Inc. v. Telkom SA Ltd., 458 F.3d 172, 177 (3d Cir. 2006) ("in light of modern commercial business arrangements, . . . mail and wire communications can constitute purposeful contacts when sent into the forum," and jurisdiction is supported where "the defendant's contacts with the forum were instrumental in either the formation of the contract or its breach") (citations and internal quotations omitted).

Given that Defendant's jurisdictional challenge fails, it follows that venue in this District is proper. 28 U.S.C. §§ 1391(b)(1), 1391(c)(2); *accord* <u>Burstein v. Sun Life Assur. Co. of Canada</u>, 2012 WL 3517572, *1 (E.D. Pa. Aug. 14, 2012) ("venue is proper in any district where the defendant resides," and, for purposes of venue, corporate defendant "is deemed to reside in any judicial district in which it is subject to personal jurisdiction") (citing and quoting 28 U.S.C. § 1391).

The question that remains is whether this case should be transferred to the Southern District of Florida. The parties' employment agreement contained a forum selection clause, stating:

> This [a]greement shall be governed by the law of Florida. Any litigation in connection herewith shall be brought, consistent with law, in the state or federal courts of Florida sitting in Broward County, Florida and both parties hereby consent to such courts' exercise of personal jurisdiction over them.

Def.'s Br. (Doc. 4) at 3 (quoting employment agreement).

Although a valid forum selection clause is not dispositive, it is entitled to substantial consideration under Section 1404(a). <u>Jumara v. State Farm Ins. Co.</u>, 55 F.3d 873, 880 (3d Cir. 1995) (citations omitted). While courts normally defer to a plaintiff's choice of forum, such deference is inappropriate where the plaintiff has, by contract, agreed to litigate elsewhere. *Id.* (citations omitted). In the absence of fraud, undue influence, or overweening bargaining power, the party opposing a forum selection clause bears the burden of demonstrating why it should not be honored. *Id.* (citations and internal quotations omitted).

In this case, Plaintiff does not argue that the forum selection clause resulted from fraud, undue influence or overweening bargaining power. *See* Pl.'s Opp'n Br. at 6-9. Rather,

2

Plaintiff argues that the forum selection clause is inapplicable because his claims sound in tort rather than contract. *See id.*

The relevant contractual language, however, does not support Plaintiff's interpretation. The forum selection clause contemplates that "[a]ny litigation <u>in connection []with</u>" the agreement must be brought in Florida. *See* discussion *supra* (emphasis added). In <u>John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.</u>, the Third Circuit decision addressing language most analogous to the instant case, the Court observed that the phrase "arising <u>in relation to</u> [the contract]" was broader than text discussing claims "arising <u>under</u> [the contract]." *Id.*, 119 F.3d 1070, 1074 (3d Cir. 1997) (emphasis added) (affirming district court's enforcement of forum selection clause). Although the undersigned is unaware of any Third Circuit decision specifically addressing the language "in connection with," the Court finds this language sufficiently similar to the phrase "in relation to," to conclude that the forum selection clause encompasses Plaintiff's claims. This conclusion is consistent with other persuasive authority in the Third Circuit. *See, e.g.*, <u>Tuoni v. Elec. Evidence Discovery Inc.</u>, 2010 WL 5441656, *3-4 (D. N.J. Dec. 23, 2010) (interpreting phrase, "in connection with [the] agreement," to include claim of employment discrimination; "[c]ourts are wary of adopting a narrow interpretation . . . where it would allow a party to avoid a forum selection clause by simply pleading non-contractual claims") (quotation to binding Third Circuit authority omitted); <u>Drucker's, Inc. v. Pioneer Elec., Inc.</u>, 1993 WL 431162, *6 (D. N.J. Oct. 20, 1993) (citing with approval decision interpreting phrase "in connection with [the contract]" to include tort claims, and finding this determination consistent with Third Circuit law); *see also, e.g.*, <u>Health Robotics, LLC v. Bennett</u>, 2009 WL 1708067, *3 (E.D. Pa. Jun. 16, 2009) (distinguishing narrow interpretation afforded to

3

phrase, "aris[ing] out of," from contractual language of broader scope, including phrase, "aris[ing] in connection with") (citation omitted).

In this case, Plaintiff cannot properly "plead around" the forum selection clause by asserting only tort claims. *See* discussion *supra*. Comparing the Complaint to the contract, the Court must conclude that Defendant's alleged tortious actions were taken "in connection []with" the agreement. *See* Drucker's, 1993 WL 431162 at *6 (similar language "governed all causes of action arising from or relating to [the] agreement, regardless of how they [we]re characterized, including tortious breaches of duties emanating from the agreement or the legal relationships it create[d]") (citation to quoted source omitted); *compare also, e.g.*, Compl. at ¶ 28 (summarizing Plaintiff's grievances, namely, that Defendant made misrepresentations regarding actual duration of his work assignment, Defendant's payment of his health insurance, and reimbursement of his travel expenses) *with, e.g.*, employment agreement, addenda thereto and Defendant's employee policy manual (filed under Doc. 3-2, at pgs. 5, 8, 10 and 15 of 24) (containing provisions addressing at-will nature of Plaintiff's employment, terms regarding payment of healthcare benefits, and reimbursement of travel expenses).

For all of the reasons stated above, Plaintiff has failed to meet his burden of demonstrating that the forum selection clause should be disregarded, and, consequently, his contrary forum preference is not entitled to deference. *See* discussions *supra*. The parties' forum selection clause carries substantial weight, and other factors considered under Section 1404(a) favor a transfer. The relevant factors include:

(1) Plaintiff's forum preference, as manifested in his original choice of venue;

(2) Defendant's forum preference;

(3) the extent to which Plaintiff's claims arose outside the forum of choice;

4

(4) the convenience of the parties, as indicated by their relative physical and financial conditions;

(5) the convenience of the witnesses, to the extent that the witnesses may actually be unavailable for trial in one of the fora;

(6) the location of books and records, but only to the extent that the relevant files cannot be produced in the alternative forum;

(7) the enforceability of the judgment;

(8) practical considerations that could make the trial easy, expeditious, or inexpensive;

(9) the relative administrative difficulty in the two fora resulting from court congestion;

(10) the local interest in deciding local controversies at home;

(11) the public policies of the fora; and

(12) the familiarity of the trial judge with the applicable state law in diversity cases.

Jumara at 879-80 (citations and internal quotations omitted).

As to factor (1), the deference normally afforded Plaintiff's original forum choice is, in light of the forum selection clause, unwarranted. Factor (2) favors a transfer, as does factor (8), because much of the evidence regarding Defendant's conduct would be located in Florida.

Regarding factor (3), many of Defendant's alleged actions and omissions occurred in and/or emanated from Florida, although Plaintiff was solicited and did receive some of Defendant's alleged misrepresentations in Pennsylvania. *See* discussion *supra*. Given the technology-based nature of the parties' relationship, the Court finds this factor to be largely neutral. The same is true of factor (10). *Compare* Marshall v. Fulton, 2009 WL 2136408, *8 (N.D. Tex. Jul. 17, 2009) (recognizing local interest in remedying tortious activity directed

toward home forum) *with* Mitek Sys., Inc. v. United Servs. Auto. Ass'n, 2012 WL 3777423, *8 (D. Del. Aug. 30, 2012) (state has interest in addressing lawsuits brought against its corporate citizens).

Factor (4) favors Plaintiff, because he is an individual, and Defendant is a corporate entity who routinely "place[s] employees at client locations throughout the country." *See* Def.'s Br. at 14.

Factor (5) is inapposite, because Defendant has failed to demonstrate that any witness actually may be unavailable for trial in Pennsylvania. Furthermore, the Court independently determines that factors (6), (7), (9), (11) and (12) do not significantly favor either forum.

Having reviewed the relevant considerations, the Court concludes that, in the absence of the parties' forum selection clause, Defendant's request for a transfer would present a close question. Given the Court's conclusion that the forum selection clause encompasses Plaintiff's claims, however, the scales tip decidedly in favor of granting the requested transfer.

For all of the reasons stated above, the Court hereby enters the following:

## II. ORDER

Defendant's Motion to Dismiss (*see* **Doc. 3**) is **DENIED**, its request for a transfer under 28 U.S.C. § 1404(a) is **GRANTED**, and this case is **TRANSFERRED FORTHWITH** to the United States District Court for the Southern District of Florida.

IT IS SO ORDERED.

October 5, 2012                                s\Cathy Bissoon
                                               Cathy Bissoon
                                               United States District Judge
cc (via ECF email notification):

All counsel of record